In re Mary Elizabeth SEVERANCE, Debtor.

Mary Elizabeth Severance, Plaintiff/Appellant,

v.

USA and Aaron T. Wagner, Defendants/Appellees,

and

Anthony Roybal, et al., Defendants.

No. Civ.A. 97–Z–1600.

United States District Court, D. Colorado.

Dec. 11, 1998.

---

Mary Elizabeth Severance, Pueblo, CO, pro se.

Arthur P. Yoon, U.S. Department of Justice, Tax Division, Washington, DC, William D. Lytle, Altman, Keilbach, Lytle, Parlapiano & Ware, P.C., Pueblo, CO, for defendants.

## ORDER OF DISMISSAL

WEINSHIENK, Senior District Judge.

The matter before the Court is the appeal by Mary Elizabeth, Severance ("appellant" "debtor") from certain decisions made by U.S. Bankruptcy Judges Sidney B. Brooks and Marcia S. Krieger in Bankruptcy Case No. 96–24249 SBB, a Chapter 13 proceeding, and in Adversary Case No. 97–1168 MSK, an incorporated adversarial proceeding brought against the United States, the Internal Revenue Service (IRS) and several federal officers. The Court has reviewed the briefs submitted by all parties, the affidavits attached thereto, and the record in the underlying actions. Although it is somewhat difficult to decipher the arguments made by appellant, the Court determines that two dispositive rulings by the Bankruptcy Court may properly be reviewed by this Court.

First, by Order dated July 14, 1997, Judge Krieger dismissed Adversary Case No. 97–1168 on grounds that the Amended Complaint filed therein failed to allege facts sufficient to support jurisdiction or to establish her right to relief. In that action, appellant sought to quiet title to a property that had been levied upon and sold by the IRS to satisfy, in part, appellant's delinquent tax obligations. In granting the defendants' motions to dismiss, Judge Krieger noted the vague and conclusory character of appellant's allegations, the absence of facts outlining the history of appellant's dispute with the Internal Revenue Service and the failure of appellant to identify any specific acts which may have violated her constitutional rights. The Court has reviewed this decision *de novo* and, having carefully considered the Amended Complaint in the adversary proceeding, the Court agrees that the appellant has alleged insufficient facts to state a claim for relief.

Second, on August 1, 1997, Judge Brooks dismissed the debtor's Chapter 13 case pursuant to 11 U.S.C. § 1307. That statute allows the bankruptcy court to dismiss a case for, among other things, "unreasonable delay by the debtor that is prejudicial to creditors," or "denial of a confirmation of a plan under section 1325...." The record reveals that, on July 30, 1997, a hearing was held on the debtor's Motion To Confirm ... the Chapter 13 plan. It appears that the debtor's motion was denied at that hearing, in part, because of unreasonable delay by the debtor throughout the course of the bankruptcy case and, in part, because the amended Chapter 13 Plan did not account for payment of unpaid federal taxes or for secured claims of the United States. The Court has reviewed this decision for abuse of discretion and finds that Judge Brooks did not abuse his discretion in issuing the Order Dismissing Chapter 13 Case Prior To Confirmation Of Plan.

In accordance with the foregoing, it is

ORDERED that the aforementioned orders of Bankruptcy Judges Krieger and Brooks are affirmed. It is

FURTHER ORDERED that the appeal in this consolidated case is dismissed.